TIMOTHY D. BARROW, ESQ.
148 Main Street
Lebanon, New Jersey  08833
(908) 236-2229
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

TAMARA AGROINDUSTRIAL SRL, and : 
T.M. KOVACEVICH INTERNATIONAL, INC.,    *Document Electronically Filed*

                     Plaintiffs,   :   CIVIL ACTION No.
   v.

M/V NYK CLARA, her engines, tackle,   :   **VERIFIED COMPLAINT**
appurtenances, etc., *in rem,* and            **IN ADMIRALTY**
YANG MING MARINE TRANSPORT CORP.,
CUSTOMIZED BROKERS, INC. ,and
NEW YORK CONTAINER TERMINAL, LLC,
*in personam,*

                     Defendants   :

---

    The Plaintiffs herein, by their attorney, Timothy D. Barrow, complaining of the above Defendants, verify upon information and belief as follows:

### THE PARTIES

1.   At and during all times hereinafter mentioned, Plaintiff TAMARA AGROINDUSTRIAL SRL is a corporation or other business entity duly organized and existing under and by virtue of the laws of another country with an office and place of business at Calle Brisa Del Mar # 50, Azua, Dominican Republic.

2. At and during all times hereinafter mentioned, Plaintiff T.M. KOVACEVICH INTERNATIONAL, INC. is a corporation or other business entity duly organized and existing under and by virtue of the laws of the State of New York with an office and place of business at 6700 Essington Avenue, Philadelphia, Pennsylvania 19153.

3. At and during all times hereinafter mentioned, Defendant YANG MING MARINE TRANSPORT CORP. is a corporation or other business entity organized and existing under and by virtue of the laws of another country and does business in the State of new Jersey through its North American regional office and place of business located at Newport Office Tower, 525 Washington Boulevard, Jersey City, New Jersey 07310.

4. .At and during all times hereinafter mentioned, Defendant CUSTOMIZED BROKERS, INC. is a corporation or other business entity organized and existing under and by virtue of the laws of the State of Florida and does business in the State of New Jersey through its office and place of business located at 36th Street and the Delaware River (Petty's Island), Pennsauken, New Jersey 08110.

5. NEW YORK CONTAINER TERMINAL, LLC is a limited liability corporation or other business entity organized and existing under and by virtue of the laws of the State of New York with an office and place of business located at 300 Western Avenue, Staten Island, New York 10303 and does business within the State of New Jersey as a result of its business activities.

6. Plaintiff TAMARA AGROINDUSTRIAL SRL brings this action as the shipper and owner of the subject cargo in suit and is entitled to maintain this action.

7. Plaintiff T.M. KOVACEVICH INTERNATIONAL, INC. brings this action as the consignee and importer of the subject cargo in suit and is entitled to maintain this action.

8. Defendant vessel NYK CLARA is or will be within this District during the pendency of this action.

9. Defendant YANG MING MARINE TRANSPORT CORP. is a vessel operating common carrier and/ or contract carrier of cargo for hire and is otherwise a bailee of cargo entrusted in its care, custody and/or control.

10. Defendant NEW YORK CONTAINER TERMINAL, LLC owns and/or operates the GCT Centralized Examination Station located at 241 Western Avenue, Staten Island, New York and provides trucking, warehouse and customs and agriculture exam station related services of cargo received and is otherwise a bailee of cargo entrusted in its care, custody and/or control.

11. Defendant CUSTOMIZED BROKERS, INC. is engaged in business as a customs house broker and is hired and performs services for importers and owners of cargo to facilitate the importation of cargos into the United States in compliance with government regulations and also to ensure prompt and/or timely delivery of such imported cargoes to its customers from the U.S. port of entry.

## JURISDICTION AND VENUE

12. Plaintiff's causes of action are admiralty and maritime claims within the original jurisdiction of this Honorable Court pursuant to 28 U.S.C. § 1333, and also arises under Federal Rule of Civil Procedure 9(h) as well as this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

13. Venue is proper and appropriate for this action pursuant to Federal Rule of Civil Procedure 82 as this Court's admiralty jurisdiction has been invoked by Plaintiffs herein and Defendants are subject to personal service and/or the provisions of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, and furthermore this District is appropriate as a substantial part of events occurred and property was

situated there pursuant to 28 U.S.C. § 1391 (b).

## THE FACTS

14. Plaintiffs repeat and reallege the allegations set forth in paragraphs numbered 1 through 13 of the within Verified Complaint In Admiralty in their entirety, as if set forth herein at length.

15. On or about January 6, 2014, Defendant YANG MING MARINE TRANSPORT CORP. issued or caused to be issued way bill number YMLUB994000616 and/or other receipts for the transport by ocean of 11,280 boxes of fresh tomatoes and peppers stowed in container numbers YMLU5289040, YMLU5327197, YMLU5349874 and YMLU5380150 that were to be loaded aboard the M/V NYK CLARA on or about this same date at Caucedo, D.R. for transport to New York and subsequent discharge and delivery from New York Container Terminal, in consideration of certain freight paid and received by said Defendant or persons acting on its behalf.

16. The subject cargo of fresh tomatoes and peppers, more fully described in the said bill of lading, and/or receipts, were delivered to and received in good order and condition in container numbers set forth in the preceding paragraph herein by the Defendant YANG MING MARINE TRANSPORT CORP. or persons acting on its behalf, at Caucedo on or before January 6, 2014 and then loaded aboard the vessel NYK CLARA for water transport at which times said Defendant continued to exercised care, control and custody over the subject cargo through to the time of discharge and delivery in New York.

17. Defendant CUSTOMIZED BROKERS, INC. had been hired and appointed by Plaintiff T.M. KOVACEVICH INTERNATIONAL, INC. to perform all required and expected customs broker services to facilitate the import and clearance into the United States as well as to assist with the prompt and timely delivery of the subject cargo of fresh tomatoes and peppers.

18. The subject cargo was then loaded aboard the Defendant vessel NYK CLARA on or before January 6, 2014 for ocean transportation from Caucedo to the U.S. port of discharge of New York where said Defendant vessel arrived on or about January 11, 2013. Thereafter, Defendant YANG MING MARINE TRANSPORT CORP. or those acting on its behalf or at said Defendant's direction caused the subject cargo to be discharged on or about January 11, 2014 and delivered same on or about January 27, 2014 or thereafter by and/or from Defendant NEW YORK CONTAINER TERMINAL's GCT Centralized Examination Station which had received same on certain date(s) after discharge for examination. With the assistance of U.S. Customs or other government agency in Newark, New Jersey, the subject cargo was released and arrangements made to have the cargos transported by truck and received by Plaintiff T.M. KOVACEVICH INTERNATIONAL, INC.'s designated produce facility in Landisville, New Jersey on or about January 27, 2014 or shortly thereafter.

19. Upon receipt of each of the four subject containers in Landisville, New Jersey, an overwhelming majority of the fresh tomatoes and peppers were overripe, decayed, and in an otherwise unsound condition preventing its sale to pre-committed purveyors and retail customers.

20. Plaintiff T.M. KOVACEVICH INTERNATIONAL, INC. performed quality inspections and were able to deliver limited quantities of the fresh tomatoes and peppers at reduced market prices reflective of their condition while much of the product could not be sold and was disposed of.

21. Plaintiffs have duly performed all duties and obligations on their part to be performed.

**PLAINTIFF'S CAUSE(S) OF ACTION AGAINST DEFENDANTS YANG MING MARINE TRANSPORT CORP. & NEW YORK CONTAINER TERMINAL, LLC**

### COUNT I – BREACH OF CONTRACT

22. Plaintiffs repeat and reallege the allegations set forth in paragraphs numbered 1 through 21 of the within Verified Complaint in their entirety as if set forth herein at length.

23. Defendants' failure to transport, receive and/or deliver the subject container and cargos to consignee and cargo owner in the same good order, quantity and condition as received was caused by the Defendants and/or its sub-contractors', agents', and/or servants' breaches of contract owed to the shipper, consignee and/or owner of said cargos as carrier and/or warehouseman and/or exam station of same that resulted from their conduct or omissions to properly receive, store, load, stow, carry, transport, discharge, care for and/or timely deliver this highly perishable produce cargo.

24. By reason of the premises, Plaintiffs have sustained damages as nearly as same can estimated, no part of which has been paid in the amount of $170,000.00.

## COUNT II – BREACH OF WARRANTY

25. Plaintiffs repeat and reallege the allegations set forth in paragraphs numbered 1 through 21 of the within Verified Complaint in their entirety as if set forth herein at length.

26. Defendants' failure to transport, care for and timely deliver the subject containers and cargos to consignee and cargo owner in the same good order, quantity and condition as received was caused by the said Defendants and/or its sub-contractors', agents', and/or servants' breaches of warranty of workman-like service and/or performance owed to the shipper, consignee and/or owner of said cargos as carrier and/or warehouseman or customs exam station of same that resulted from their conduct or omissions to properly receive, store, load, stow, carry, transport, discharge, care for and/or timely delivery or making same available for timely delivery of the subject highly perishable produce cargo.

27. By reason of the premises, Plaintiffs have sustained damages as nearly as same can estimated, no part of which has been paid in the amount of $170,000.00.

## COUNT III – NEGLIGENCE

28. Plaintiffs repeat and reallege the allegations set forth in paragraphs numbered 1 through 21 of the within Verified Complaint in their entirety as if set forth herein at length.

29. As carrier, Defendant YANG MING MARINE TRANSPORT CORP. and its sub-contractors, agents, and/or servants owed duties of care to the shipper, consignee and/or cargo owner upon receipt of same and thereafter while the cargo was in their care, custody and/or control including storage, loading, stowage, carriage, transport, discharge and delivery

30. As carrier, warehouseman and/or a cargo examination station, Defendant NEW YORK CONTAINER TERMINAL, LLC and its sub-contractors, agents, and/or servants owed duties of care to the shipper, consignee and/or cargo owner upon receipt of same and thereafter while the cargo was in their care, custody and/or control including storage, loading, stowage, carriage, transport, receiving, examining, caring for and/or making same available for timely delivery.

31. The failure to transport and timely deliver the subject containerized cargos in the same good order, quantity and condition as received is a breach of Defendants' duties and obligations of care as carrier, warehouseman, examination station, as the case may be, and was the proximate cause of the loss and damage sustained by Plaintiffs.

32. By reason of the premises, Plaintiffs have sustained damages as nearly as same can estimated, no part of which has been paid in the amount of $170,000.00.

## COUNT IV – BREACH OF BAILMENT

33. Plaintiffs repeat and reallege the allegation set forth in paragraphs numbered 1 through 21 of the within Verified Complaint in their entirety as if set forth herein at length.

34. Defendant YANG MING MARINE TRANSPORT CORP. and Defendant NEW YORK CONTAINER TERMINAL, LLC took possession and exercised care, custody and control of the subject containers and fresh produce cargos at certain times described herein which constituted a bailment of same.

35. Defendant YANG MING MARINE TRANSPORT CORP.'s failure to transport and deliver the entrusted subject cargos to destination and return possession, care, custody and/or control of said cargos to its owners/bailors constituted a breach of bailment and was a violation of its duties and obligations as bailee.

36. Defendant NEW YORK CONTAINER TERMINAL, LLC and its sub-contractors, agents, and servants failure to return possession, care, custody and/or control of said cargos to its owners/bailors constituted a breach of bailment and was a violation of its duties and obligations as bailee.

37. By reason of the premises, Plaintiffs have sustained damages as nearly as same can estimated, no part of which has been paid in the amount of $170,000.00.

## COUNT V – GROSS NEGLIGENCE

38. Plaintiffs repeat and reallege the allegation set forth in paragraphs numbered 1 through 21 and 29 & 30 of the within Verified Complaint in their entirety as if set forth herein at length.

39. The abject failure to transport and make the subject perishable cargo available for timely delivery in the same good order, quantity and condition as received is a breach of Defendants YANG MING MARINE TRANSPORT CORP.'s and NEW YORK CONTAINER TERMINAL, LLC' duties and obligations of care as carrier, warehouseman, examination station, as the case may be, of known highly perishable cargos for days beyond the expected usual delivery of such cargo constitutes gross negligence and was the proximate cause of the loss and damage sustained by Plaintiffs.

40. By reason of the premises, Plaintiffs have sustained damages as nearly as same can estimated, no part of which has been paid in the amount of $170,000.00.

## PLAINTIFF'S CAUSE(S) OF ACTION AGAINST DEFENDANT VESSEL NYK CLARA

41. Plaintiffs repeat and reallege the allegations set forth in paragraphs numbered 1 through 21 of the within Verified Complaint In Admiralty in their entirety, as if set forth herein at length.

42. The Defendant Vessel having received the subject cargo on board for discharge and delivery at New York ratified any and all legal duties and obligations owed with respect to the subject shipment to deliver the subject cargo in the same good order, quantity and condition as received at Caucedo to destination.

## COUNT I – BREACH OF CONTRACT

43. Plaintiffs repeat and reallege the allegations set forth in paragraphs numbered 41 through 42 of the within Verified Complaint in their entirety as if set forth herein at length.

44. Defendant Vessel's failure to transport and deliver the subject container and cargos to destination in the same good order, quantity and condition as received at Caucedo was caused by the Defendant and/or Defendants' sub-contractors', agents', and/or servants' breaches of contract owed to the shipper, consignee and/or owner of said cargos as carrier of same that resulted from their conduct or omissions to properly receive, store, load, stow, lash, carry, transport, discharge, timely deliver and/or care for the subject cargo.

45. By reason of the premises, Plaintiffs have sustained damages as nearly as same can estimated, no part of which has been paid in the amount of $170,000.00.

## COUNT II – BREACH OF WARRANTY

46. Plaintiffs repeat and reallege the allegations set forth in paragraphs numbered 41 and 42 of the within Verified Complaint in their entirety as if set forth herein at length.

47. Defendant Vessel's failure to transport and deliver the subject container and cargos to destination in the same good order, quantity and condition as received at Caucedo was caused by the said Defendant and/or Defendant's sub-contractors', agents', and/or servants' breaches of warranty of workman-like service and/or performance owed to the shipper, consignee and/or owner of said cargos as carrier of same that resulted from their conduct or omissions to properly receive, store, load, stow, lash, carry, transport, discharge, deliver and/or care for the subject cargo.

48. By reason of the premises, Plaintiffs have sustained damages as nearly as same can estimated, no part of which has been paid although duly demanded, in the amount of $170,000.00.

## COUNT III – NEGLIGENCE

49. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 41 and 42 of the within Verified Complaint in their entirety as if set forth herein at length.

50. Defendant Vessel and said Defendant's sub-contractors, agents, and/or servants owed duties of care to the shipper, consignee and/or cargo owner upon receipt of same and thereafter while the cargo was in their care, custody and/or control including storage, loading, stowage, lashing, carriage, transport, discharge and delivery.

51. The failure to transport and deliver the subject containerized cargos in the same good order and condition as received is a breach of Defendant Vessel's' duties and obligations of care as carrier and was the proximate cause of the loss and damage sustained by Plaintiff and/or its insured.

52. By reason of the premises, Plaintiffs have sustained damages as nearly as same can estimated, no part of which has been paid in the amount of $170,000.00.

## COUNT IV – BREACH OF BAILMENT

53. Plaintiffs repeat and reallege the allegations set forth in paragraphs numbered 41 and 42 of the within Verified Complaint in their entirety as if set forth herein at length.

54. Defendant Vessel took possession and exercised care, custody and control of the subject container and cargos at Caucedo and thereafter which constituted a bailment of same.

55. Defendant Vessels' failure to transport and deliver the entrusted subject cargos to destination and return possession, care, custody and/or control of said cargos to its owners/bailors constituted a breach of bailment and was a violation of its duties and obligations as bailee.

56. By reason of the premises, Plaintiffs have sustained damages as nearly as same can estimated, no part of which has been paid in the amount of $170,000.00.

## PLAINTIFFS' CAUSES OF ACTION AGAINST DEFENDANT CUSTOMIZED BROKERS, INC.

### COUNT I – BREACH OF CONTRACT

57. Plaintiffs repeat and reallege the allegations set forth in paragraphs numbered 1 through 21 of the within Verified Complaint in their entirety as if set forth herein at length.

58. Defendant CUSTOMIZED BROKERS, INC.'S failure to properly and timely perform its brokerage services constitute breaches of contract owed to the importer, consignee and/or owner of said cargos as customs house broker that resulted from their conduct or omissions to properly import, clear and /or assist with ensuring the timely delivery of this highly perishable produce cargo.

59. By reason of the premises, Plaintiffs have sustained damages as nearly as same can estimated, no part of which has been paid in the amount of $170,000.00.

## COUNT II – BREACH OF WARRANTY

60. Plaintiffs repeat and reallege the allegations set forth in paragraphs numbered 1 through 21 of the within Verified Complaint in their entirety as if set forth herein at length.

61. Defendant CUSTOMIZED BROKERS, INC.'S failure to properly and timely perform its brokerage services constitute breaches of warranty of workman-like service and/or performance owed to the importer, consignee and/or owner of said cargos as customs house broker of same that resulted from their conduct or omissions to properly import, clear and /or assist with ensuring the timely delivery of this highly perishable produce cargo.

62. By reason of the premises, Plaintiffs have sustained damages as nearly as same can estimated, no part of which has been paid in the amount of $170,000.00.

## COUNT III – NEGLIGENCE

63. Plaintiffs repeat and reallege the allegations set forth in paragraphs numbered 1 through 21 of the within Verified Complaint in their entirety as if set forth herein at length.

64. As customs house broker, Defendant CUSTOMIZED BROKERS, INC. and its agents, and/or servants owed duties of care to the importer, consignee and/or cargo owner in the performance of its services rendered to same.

65. Defendant CUSTOMIZED BROKERS, INC. and its agents, and/or servants' failure to properly import, clear and /or assist with ensuring the timely delivery of this highly perishable produce cargo was the proximate cause of the loss and damage sustained by Plaintiffs.

66. By reason of the premises, Plaintiffs have sustained damages as nearly as same can estimated, no part of which has been paid in the amount of $170,000.00.

## COUNT IV – GROSS NEGLIGENCE

67. Plaintiffs repeat and reallege the allegation set forth in paragraphs numbered 1 through 21 and 64 of the within Verified Complaint in their entirety as if set forth herein at length.

68. The abject failure to of Defendant CUSTOMIZED BROKERS, INC. to properly import, clear and /or assist with ensuring the timely delivery of this highly perishable subject produce cargo from the time on or before the Defendant Vessel's arrival through to the time the subject cargo was, in fact, cleared and released for delivery more than two weeks later that was many days beyond the expected usual delivery of such cargo constitutes gross negligence and was the proximate cause of the loss and damage sustained by Plaintiffs.

69. By reason of the premises, Plaintiffs have sustained damages as nearly as same can estimated, no part of which has been paid in the amount of $170,000.00.

WHEREFORE, Plaintiffs demand:

1. That process and warrant for a maritime arrest, attachment and/or garnishment according to the rules and practices of this Court, in causes of admiralty and maritime jurisdiction *in rem*, may issue against the Defendant Vessel and that all persons having or claiming an interest therein may be cited to appear and answer, the matters aforesaid upon application for same by Plaintiffs;

2. That process in due form of law according to the practice of this Court may issue against the named Defendants;

3. That if any of the Defendants cannot be found within this District, that all of their property within this District, as shall be described in a subsequent affidavit, be attached in the sum set forth in this Verified Complaint In Admiralty pursuant to the rules and practices of this Court pertaining to maritime attachment and/or garnishment, with interests and costs;

4. That a decree and judgment may be entered in favor of Plaintiffs against the Defendants individually, jointly, or severally for the amount of Plaintiffs' total damages pleaded herein or to be established at trial, together with pre-judgment and post-judgment interest as well as taxable costs and reasonable attorney's fees; and

5. That this Court will grant the Plaintiffs such other and further relief as may be just and proper.

                                                                                  s/ Timothy D. Barrow
                                                                                  TIMOTHY D. BARROW
                                                                                  Attorney for Plaintiffs

Dated: September 2, 2014
       Lebanon, New Jersey

## ATTORNEY VERIFICATION/CERTIFICATION

I, TIMOTHY D. BARROW, an Attorney at Law of the State of New Jersey and a Member of the Bar of this Court verify, certify, and say:

I am the attorney for the Plaintiffs herein; I have read the foregoing Verified Complaint In Admiralty and know the contents thereof; and that the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe it to be true.

The reason this Verification/Certification is made by undersigned counsel and not by Plaintiffs is that both Plaintiff's corporate officers and/or managers familiar with this matter are not now present within this District. In light of these circumstances, I have been authorized by Plaintiffs to make this Verification on their behalf.

The sources of my information and the grounds for my belief as to those matters stated in the Verified Complaint In Admiralty, to be alleged on information and belief, are documents and records in my file and communications with my clients and their representatives.

I hereby verify and certify that the foregoing statements made by me are true. I am aware that if any of these statements made by me are willfully false, I am subject to contempt of Court.

                                                  s/ Timothy D. Barrow
                                                  TIMOTHY D. BARROW
                                                  Attorney at Law – State of New Jersey

DATED: September 2, 2014
              Lebanon, New Jersey